**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GARCES-PACHECO, AKA Jose Garzas-Pacheco, AKA Jose Pacheco-Garces, | Nos. 15-72617 16-71125 |
| Petitioner, | Agency No. A205-272-710 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N. R. SMITH, Circuit Judges.

Jose Garces-Pacheco, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT"), and the BIA's

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001). We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Garces-Pacheco failed to establish that any harm he experienced or fears in Mexico is on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097-98 (9th Cir. 2011) (mistreatment motivated purely by personal retribution does not bear a nexus to a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, we deny the petition for review as to Garces-Pacheco's withholding of removal claim.

Garces-Pacheco does not challenge the agency's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Garces-Pacheco's CAT claim.

Finally, the BIA did not abuse its discretion in denying Garces-Pacheco's motion to reopen where Garces-Pacheco failed to establish prima facie eligibility

15-72617

for withholding of removal and protection under CAT.  *See Najmabadi*, 597 F.3d at 986 (the BIA acts within its discretion in denying a motion to reopen for failure to establish a prima facie eligibility).  Further, Garces-Pacheco points to no error in the agency's denial of administrative closure.

**PETITION FOR REVIEW DENIED.**